# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **DARRELL WILLIAMS-BEY,** | * |
| Plaintiff, | * |
| vs. | * CIVIL ACTION NO. 17-00139-KD-B |
| **BALDWIN COUNTY CIRCUIT COURT,** *et al.*, | * |
| Defendants. | * |

## REPORT AND RECOMMENDATION

This action is before the Court on Petitioner's Motion for a Writ of Mandamus (Doc. 1). Upon review, the undersigned finds that the Court lacks subject matter jurisdiction over this action and **RECOMMENDS**, for the reasons stated herein, that the case be **DISMISSED**, with no leave to amend.

As stated, Darrell Williams-Bey, proceeding *pro se*, has filed a petition for writ of mandamus. To the extent that the petition is capable of reasonable interpretation, it asks this Court to compel Judge J. Clark Stankowski, Circuit Judge, Baldwin County, Alabama, to reverse his denial of Plaintiff's motion for a default judgment and for discovery in case number CC-2015-001470, filed in the Baldwin County Circuit Court. (Doc. 1 at 1-5). Petitioner's request for a writ of mandamus is misplaced.

The law is clear that this Court has no jurisdiction to compel action by state officials via a writ of mandamus. See Virgess v. Hardaway, 2012 U.S. Dist. LEXIS 83877 *7, 2012 WL 2277602, *2 (S.D. Ala. June 4, 2012), *report and recommendation adopted*, 2012 WL 2276995 (S.D. Ala. June 18, 2012) ("this Court has no jurisdiction . . . to order [a state circuit court judge and district attorney] to respond to plaintiff's Rule 32 petition or to set an evidentiary hearing in state court."); Kelly v. Owens, 2015 U.S. Dist. LEXIS 74169, *9-10, 2015 WL 3618722, *4 (N.D. Ga. June 8, 2015) ("[f]ederal courts have no jurisdiction to issue writs of mandamus directing a state court and its judicial officers in the performance of their duties where mandamus is the only relief sought.") (quoting Bailey v. Silberman, 226 Fed. Appx. 922, 924 (11th Cir. 2007)); McDuffie v. Downs, 2010 U.S. Dist. LEXIS 83838 *2, 2010 WL 3239215, *1 (N.D. Ga. Aug. 13, 2010) ("Federal courts have no general power to issue writs of mandamus against state officials;" thus, federal district court could not direct a state court judge to resolve plaintiff's pending motion for new trial, even though it had been pending for ten years); Brown v. Lewis, 361 Fed. Appx. 51, 56 (11th Cir. 2010) (federal district court lacked authority to issue writ of mandamus to compel state court to unseal adoption records).

Because this Court lacks jurisdiction to compel the Baldwin County Circuit Court or Judge Stankowski to take any action regarding Petitioner's motion for a default judgment or for discovery, this case is due to be dismissed, without leave to amend. See Adams v. Kellett, 360 Fed. Appx. 67, 70 (11th Cir. 2010)(denying request to amend as futile).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); S.D. ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." *11th Cir. R. 3-1.* In order to be specific, an objection must

identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **28th** day of **April, 2017.**

                                              **/s/ SONJA F. BIVINS**
                                        **UNITED STATES MAGISTRATE JUDGE**